.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK RUSSELL,<br><br>   Plaintiff,<br><br>   v.<br><br>UNKNOWN OFFICERS,and the CITY OF CHICAGO,<br><br>   Defendants. | FILED: DECEMBER 15, 2008<br>08CV7168<br>JUDGE GRADY<br>MAGISTRATE JUDGE ASHMAN<br>RCC |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit UNKNOWN OFFICERS, and the CITY OF CHICAGO.

## JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.     PLAINTIFF is a resident of the State of Illinois and of the United States.

3.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4.     The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or

employees referred to in this Complaint.  At all times material to this Complaint, the

DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation,

statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5.      On or about May 23, 2008, PLAINTIFF was riding a bicycle at or near 79th Street and

Ashland Avenue, Chicago, IL, at approximately 3:00 p.m., at which point some or all of the

DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.

Specifically, some or all of the DEFENDANT OFFICERS struck and kicked the PLAINTIFF

about the head and body and placed a gun to PLAINTIFF's head despite the fact that the

PLAINTIFF had not resisted arrest, threatened the DEFENDANT OFFICERS, and was not a

threat to the DEFENDANT OFFICERS.  This conduct violated the Fourth Amendment to the

United States Constitution.

6.      The DEFENDANT OFFICERS arrested the PLAINTIFF, notwithstanding the fact that

on May 23, 2008 the PLAINTIFF had not violated any law.  This conduct violated the Fourth

Amendment to the United States Constitution.

7.      On or about May 23, 2008, PLAINTIFF did not obstruct justice, resist arrest, batter

and/or assault any of the DEFENDANT OFFICERS.

8.      The show of force initiated by and/or the failure to intervene in the use of said force by

the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

9.      The DEFENDANT OFFICERS charged and/or participated in the charging of

PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent

the arrest of the PLAINTIFF, notwithstanding the fact that the DEFENDANT OFFICERS failed

to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The

DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

10.     On May 23, 2008, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

11.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

12.     On or about May 23, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

13.     Upon information and belief, on May 23, 2008, UNKNOWN OFFICERS came into physical contact with PLAINTIFF.

**CONSPIRACY**

14.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a.  agreeing to falsely arrest the PLAINTIFF;

    b.  using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    c.  agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

    d.  agreeing not to report each other after falsely arresting and/or charging the PLAINTIFF;

    e.  generating false documentation to cover-up for their own and each other's misconduct;

15.     In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about May 23, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer physical injury, and suffer emotionally.

### COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

16.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

17.     The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto the PLAINTIFF.

18.     This conduct violated the Fourth Amendment of the United States Constitution.

19.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

### COUNT II
### False Arrest Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

20.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

21.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

22. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

23. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT III
## False Arrest – State Law Claim

24. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

25. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

26. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT IV
## Battery – State Law Claim

27. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

28. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

29. The PLAINTIFF suffered injury as a result.

30.     The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

31.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations and injuries set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT V
### § 1983 Conspiracy Claim

32.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

33.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the Fourth Amendment of the United States Constitution.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands  punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VI
### Conspiracy Claim – State Law

34.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

35.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VII
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

36.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

37.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS.

38.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT VIII
## Supplementary Claim for *Respondeat Superior*

39.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

40.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

41.     PLAINTIFF demands trial by jury.


Respectfully submitted,

s/ Erica Faaborg
Attorney for the Plaintiff

Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076